AB:AXB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>IN THE MATTER OF THE SEARCH OF ONE SILVER HP LAPTOP, MODEL 15-AY078NR WITH SERIAL NUMBER CND63726BZ, CURRENTLY LOCATED AT 601 WEST 26TH STREET, SUITE 700, NEW YORK, NEW YORK 10001</td><td>APPLICATION FOR A SEARCH WARRANT FOR AN ELECTRONIC DEVICE<br><br>Case No. 19-MJ-851</td></tr>
</table>

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, JOSHUA CROFT, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I have been a Special Agent with the United States Department of Homeland Security Homeland Security Investigations ("HSI") since December 2016.  I am currently assigned to the Child Exploitation Investigations Unit, as a part of which I have investigated violations of criminal law relating to the sexual exploitation of children. I have gained expertise in this area through training and daily work related to conducting this type of investigation.  As a result of my training and experience in these types of investigations, I am familiar with the techniques and methods of determining whether a child is a minor, the techniques and methods used by individuals to participate in such criminal activity, and the

ways in which they seek to conceal their activities from detection by law enforcement

authorities. Through my participation in these types of investigations, I have also executed

numerous search warrant, including of electronic devices

3.      This affidavit is intended to show only that there is sufficient probable cause

for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.      The property to be searched is a silver HP laptop, model 15-ay078nr, with

serial number CND63726BZ, hereinafter the "Device."  The Device is currently located at

HSI's computer forensic lab located at 601 West 26th Street, Suite 700, New York, New

York 10001.

5.      The applied-for warrant would authorize the forensic examination of the

Device for the purpose of identifying electronically stored data particularly described in

Attachment B.

## PROBABLE CAUSE

1.      HSI is currently investigating Timothy Martinez in connection with violations

of Title 18, United States Code, Sections 2252(a)(1), (a)(2)(B) and (a)(5)(b) (receipt,

possession, distribution and transportation of child pornography) (the "Subject Offenses").

As set forth below, there is probable cause to believe that Martinez has used one or more

electronic devices to commit the Subject Offenses.

2.      On or about September 19, 2019, United States Magistrate Judge Ona T.

Wang, Southern District of New York, issued a warrant authorizing the search of Timothy

Martinez and the seizure of any cellular phones used by Timonthy Martinez (the "First

Search Warrant"). See Exhibit A hereto.[1]  The affidavit supporting the First Search Warrant outlined evidence against Martinez, including Twitter messages between Martinez and an individual Martinez believed to be a fourteen-year old girl wherein Martinez solicits and apparently purchases child pornography.  At the time I sought the First Search Warrant, I understood that Martinez, an employee of the New York City Police Department, works in the Southern District of New York.  I expected that the warrant would be executed during a weekday morning, at which time Martinez would be in the Southern District of New York. Accordingly, I requested authorization to seize and search any cellular phones in Martinez's possession upon the occurrence of a specific triggering condition, namely, Martinez's and the phones' presence in the Southern District of New York.

     3.      Prior to executing the First Search Warrant, on or about September 23, 2019, I learned that Martinez was on military leave status from the NYPD and attending an annual drill for the U.S. Army Reserves at the U.S. Army Reserve Center at 200 route 25A, Shoreham, New York.  Therefore, there was probable cause to believe that Martinez and any cellular phones in his possession were actually currently located within the Eastern District of New York.  Accordingly, on September 23, 2019, United States Magistrate Judge Robert M. Levy, Eastern District of New York, issued a warrant authorizing the search of Timothy Martinez and the seizure of any cellular phones used by Timonthy Martinez (the "Second Search Warrant").  See Exhibit B hereto.

---

[1] The First Search Warrant attaches as Exhibit A thereto an earlier warrant issued by United States Magistrate Judge Lois Bloom, see No. 19-MJ-817 (E.D.N.Y.), authorizing a search of Martinez's residence and electronic devices found therein.

3

4.     On September 24, 2019, agents executing the Second Search Warrant encountered Martinez. At the outset of a consensual interview, Martinez was advised of his Miranda rights, which he waived and agreed to make voluntary statements to the agents. In substance and in part, Martinez told the agents that he typically uses a laptop computer to connect to the internet from his residence. Agents asked Martinez whether he could verify the IP Address registered to his residence, which prompted Martinez to produce the Device. Based on my training and experience, I know that individuals engaged in exploitative conduct often use internet-capable laptops to, among other things, buy, sell, trade and store child pornography, as well as to connect and chat with underage children on social media. Based on this knowledge, together with Martinez's statements concerning his use of the Device, and the other facts and circumstances of this case, I submit there is probable cause to believe that the Device contains evidence, fruits and instrumentalities of the Subject Offenses.

5.     The Device was is currently in the lawful possession of HSI, having been taken during the execution of the Second Search Warrant. Therefore, while the HSI might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

6.     The Device is currently in storage at HSI's computer forensic lab located at 601 West 26th Street, Suite 700, New York, NY 10001. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent

material to this investigation, in substantially the same state as they were when the Device

first came into the possession of HSI.

## **TECHNICAL TERMS**

7.     Based on my training and experience, I use the following technical terms to

convey the following meanings:

a.   IP Address: An Internet Protocol address (or simply "IP address") is a unique

numeric address used by computers on the Internet.  An IP address is a series

of four numbers, each in the range 0-255, separated by periods (e.g.,

121.56.97.178).  Every computer attached to the Internet computer must be

assigned an IP address so that Internet traffic sent from and directed to that

computer may be directed properly from its source to its destination.  Most

Internet service providers control a range of IP addresses.  Some computers

have static—that is, long-term—IP addresses, while other computers have

dynamic—that is, frequently changed—IP addresses.

b.   Internet: The Internet is a global network of computers and other electronic

devices that communicate with each other.  Due to the structure of the Internet,

connections between devices on the Internet often cross state and international

borders, even when the devices communicating with each other are in the

same state.

8.     In my training and experience, examining data stored on devices of this type

can uncover, among other things, evidence that reveals or suggests who possessed or used

the device.

5

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

9.      Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

10.      There is probable cause to believe that things that were once stored on the Device may still be stored there, for at least the following reasons:

a.   Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.   Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.  In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

6

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

11. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were

7

recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

12.   *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

13.   *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

14.     I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the Device described in Attachment A to seek the items

described in Attachment B.

Respectfully submitted,

Joshua Croft
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
on September 25, 2019:

THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

10

## ATTACHMENT A

The property to be searched is a silver HP laptop, model 15-ay078nr, with serial number CND63726BZ, hereinafter the "Device." The Device is currently located at HSI's computer forensic lab located at 601 West 26th Street, Suite 700, New York, New York 10001.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the Device described in Attachment A that relate to violations

of Title 18, United States Code, Sections 2252(a)(1), (a)(2)(B) and (a)(5)(b) (receipt,

possession, distribution and transportation of child pornography) (the "Subject Offenses")

and involve Timothy Martinez from April 2018 through the Present, including:

      a.   Images of child pornography and files containing images of child pornography and records, images, information or correspondence pertaining to the possession, access with intent to view, receipt and distribution of sexually explicit material relating to children, in violation of Title 18, United States Code, Sections 2252 and 2252A, in any form wherever they may be stored or found;

      b.   Books and magazines containing visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

      c.   Originals, copies, and negatives of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

      d.   Motion pictures, films, videos, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

      e.   Records, information or correspondence pertaining to the possession, access with intent to view, transportation, receipt, distribution and reproduction of sexually explicit material relating to children, as defined in 18 U.S.C. § 2256, including, but not limited to:

            i.   envelopes, letters, and other correspondence including, but not limited to, electronic mail, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

    ii. books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission through interstate or foreign commerce including by United States mail or by computer of any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

f. Billing and payment records, including records from credit card companies, PayPal and other electronic payment services, reflecting access to websites pertaining to child pornography.

g. Computer-related documentation, meaning any written, recorded, printed, or electronically stored material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

h. Records evidencing ownership or use of the Device, including, but not limited to, utility and telephone bills, mail envelopes, or addressed correspondence.

i. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

j. Address books, mailing lists, supplier lists, mailing address labels and any and all documents and records pertaining to the preparation, purchase and acquisition of names or lists of names to be used in connection with the purchase, sale, trade or transmission of any visual depiction of minors engaged in sexually explicit conduct.

k. Address books, names, lists of names and addresses of individuals believed to be minors.

l. Diaries, notebooks, notes and other records reflecting personal contact and other activities with individuals believed to be minors.

m. Materials and photographs depicting sexual conduct between adults and minors or used in sexual conduct between adults and minors.

2

n.  Any and all records, documents, invoices and materials that concern any
    Internet accounts used to possess, receive or distribute child pornography.

# EXHIBIT A

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | )   Case No. |
| TIMOTHY MARTINEZ AND SEIZURE AND SEARCH OF ANY CELLULAR PHONES USED BY TIMOTHY MARTINEZ | ) |

## 19MAG 8856

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____New York_____ *(identify the person or describe the property to be searched and give its location)*:

TIMOTHY MARTINEZ AND ANY CELLULAR PHONES USED BY TIMOTHY MARTINEZ

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations):*

Title 18, United States Code, Sections 2252A(a)(2)(B) (receipt and distribution of child pornography), 2252A(a)(5)(B) (possession of child pornography), and 2252A(a)(1) (transportation of child pornography)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____October 3, 2019_____
*(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
☑ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court.  *OTW*
*USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑for _____30_____ days *(not to exceed 30)*.
☐until, the facts justifying, the later specific date of _____.

Date and time issued:  *9.19.19 / 4:24pm*

City and state:  New York, NY

Hon. Ona T. Wang
*Printed name and title*

AO 93  (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

        I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.


Date: _____              _____
                                                              *Executing officer's signature*

                                                         _____
                                                              *Printed name and title*

**Attachment A**

### I. Devices Subject to Search and Seizure

The devices that are the subject of this search and seizure warrant (the "Subject Devices") are described as follows:

- Any cellular phones in the possession of Timothy Martinez

During the execution of this search warrant, law enforcement personnel are authorized to search the person of Timothy Martinez, if necessary, in order to seize the Subject Devices. Law enforcement personnel also are authorized to depress the fingerprints and/or thumbprints of Timothy Martinez onto the fingerprint sensor of the Subject Devices, or hold the Subject Devices in front of Martinez's face to activate the facial recognition sensor (and, if necessary, hold Martinez in place while holding the Subject Device in front of his face), in order to gain access to the contents of the device as authorized by this warrant.

### II. Triggering Conditions for Search of Subject Devices

At a time not exceeding 14 days from the issuance of this warrant, law enforcement agents plan to seize the Subject Devices. The seizure and search of the Subject Devices is not authorized unless the following condition occurs: Martinez and the Subject Devices are located in the Southern District of New York.

### III. Review of ESI on the Subject Devices

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained on the Subject Devices for evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(B) (receipt and distribution of child pornography), 2252A(a)(5)(B) (possession of child pornography), and 2252A(a)(1) (transportation of child pornography) (the "Subject Offenses") described as follows:

1. All files containing text, photos, or videos stored on the Subject Devices relating to the Subject Offenses;

2. Evidence concerning the user of the Subject Devices;

3. Evidence concerning the geolocation of the Subject Devices;

4. Evidence concerning the identity or location of, and communications with, co-conspirators and victims regarding the Subject Offenses;

5. Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of other computer devices or storage media containing evidence of the Subject Devices;

6.        Evidence establishing how the Subject Offenses were committed, including any and all images, Internet histories, Internet site bookmarks, search requests, temporary Internet files, cookies, newsgroups, postings to newsgroups, folder structures and names, and file names stored on seized or copied computer devices or storage media relating to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children;

7.        The contents of social media and messenger applications, including photographs, postings, and private messages relating to the Subject Offenses;

8.        Evidence of affiliations, memberships, buddy lists, profiles, chat sessions, chat services, billboards, newsgroups, and websites pertaining to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children.

AO 106 (SDNY Rev. 01/17)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 19MAG 8856
)
TIMOTHY MARTINEZ AND SEIZURE AND )
SEARCH OF ANY CELLULAR PHONES USED BY )

### APPLICATION FOR A SEARCH AND SEIZURE WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

TIMOTHY MARTINEZ AND ANY CELLULAR PHONES USED BY TIMOTHY MARTINEZ

located in the _____Southern_____ District of _____New York_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attached Affidavit and its Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description(s) |
|---|---|
| 18 U.S.C. 2252A(a)(2)(B) | receipt and distribution of child pornography |
| 18 U.S.C. 2252A(a)(5)(B) | possession of child pornography |
| 18 U.S.C. 2252A(a)(1) | transportation of child pornography |

The application is based on these facts:

See Attached Affidavit and its Attachment A

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Joshua Croft
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **9.19.19**

_____
*Judge's signature*

City and state:  New York, NY

Hon. Ona T. Wang
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

19MAG 8856

---

IN THE MATTER OF THE SEARCH OF
TIMOTHY MARTINEZ AND SEIZURE AND
SEARCH OF ANY CELLULAR PHONES
USED BY TIMOTHY MARTINEZ

---

**TO BE FILED UNDER SEAL**

**Agent Affidavit in Support of
Application for Search and
Seizure Warrant**

SOUTHERN DISTRICT OF NEW YORK) ss.:

JOSHUA CROFT, Special Agent with the Child Exploitation Investigations Unit

of Homeland Security Investigation, being duly sworn, deposes and states:

## I.  Introduction

### A.  Affiant

1.    I have been a Special Agent with the United States Department of Homeland

Security Homeland Security Investigations ("HSI") since December 2016.  I am currently assigned

to the Child Exploitation Investigations Unit, as a part of which I have investigated violations of

criminal law relating to the sexual exploitation of children.  I have gained expertise in this area

through training and daily work related to conducting this type of investigation.  As a result of my

training and experience in these types of investigations, I am familiar with the techniques and

methods of determining whether a child is a minor, the techniques and methods used by individuals

to participate in such criminal activity, and the way in which they seek to conceal their activities

from detection by law enforcement authorities.  Through my participation in these types of

investigations, I have also executed numerous search warrant, including of electronic devices.

2.    I make this Affidavit in support of an application pursuant to Rule 41 of the Federal

Rules of Criminal Procedure for a warrant to search the person of Timothy Martinez and to seize

and search any cellular phones in his possession (the "Subject Devices") for the items and

information described in <u>Attachment A</u>.  This affidavit is based upon my personal knowledge; my

2

review of documents and other evidence; my conversations with other law enforcement personnel; and my training, experience, and advice received concerning the use of electronic devices in criminal activity and the forensic analysis of electronically stored information ("ESI"). Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**B. The Target Subject and the Subject Devices**

3. Timothy Martinez is a Target Subject of this investigation. As set forth below, there is probable cause to believe that Martinez has received and distributed child pornography, transported child pornography, and possessed child pornography.

4. As set forth below, based on Martinez's activities, Martinez has likely used at least one cellphone to send and receive, transport, and possess child pornography. The Subject Devices constitute any cellular phones possessed by Martinez.

5. Based on my involvement in this investigation, I have learned that Martinez works in the Southern District of New York. I further expect that this warrant will be executed during a weekday morning, at which time Martinez will be in the Southern District of New York. Accordingly, I respectfully request a warrant to seize and search the Subject Devices upon the occurrence of the triggering condition described in Attachment A: that Martinez and the Subject Devices are located in the Southern District of New York.

**C. The Subject Offenses**

6. As detailed below, there is probable cause to believe that the Subject Devices constitute or contain evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(B) (receipt and distribution of child pornography), 2252A(a)(5)(B)

3

(possession of child pornography), and 2252A(a)(1) (transportation of child pornography) (collectively, the "Subject Offenses ").

**D. Terminology**

7.     An "Internet Protocol address" or "IP address" is a set of numbers which uniquely identify a specific computer on the Internet.  IP addresses follow the format of ###.###.###.###, wherein each of the number is between 0 and 255.  Computers use IP addresses to identify each other on the Internet.  For example, because a computer accessing a website must be connected to the Internet, that computer is identifiable by its IP address.  Thus, investigators are able to determine the IP address of any computer using that particular website's services by issuing a subpoena to the owner of the website.  Then, investigators can search a public database complied by the American Registry of Internet Numbers to determine the Internet Service Providers ("ISP") that has been assigned to the specific IP address.

8.     "Twitter" is a free-access social-networking website of the same name that can be accessed at http://www.twitter.com. Twitter allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and location information. Twitter also permits users create and read 140-character messages called "Tweets," and to restrict their "Tweets" to individuals whom they approve.

9.     The "Cash App" is a mobile payment service that allows users to transfer money to one another using a mobile phone application.

**II.  Probable Cause**

**A. Probable Cause Regarding Subjects' Commission of the Subject Offenses**

10.    On or about September 13, 2019, the Honorable Lois Bloom, United States Magistrate Judge for the Eastern District of New York, signed a search warrant authorizing the search and seizure of closed containers and items contained therein of Martinez's residence on

4

Staten Island. The affidavit supporting that warrant is attached as Exhibit A and is incorporated by reference herein.

11. As set forth in Exhibit A, there is probable cause to believe that Martinez committed the Subject Offenses, namely the distribution and receipt, possession, and transportation of child pornography. (*See* Ex. A ¶¶ 9-11).

12. As described in Exhibit A, I reviewed Twitter records, obtained pursuant to a search warrant, relating to accounts with the handles MyiaaMyiaa13 and Timmay16961030, and I learned the following:

a. The user of MyiaaMyiaa13 represented that she was a fourteen-year old girl, who was willing to sell nude images and sexually explicit videos, and the account did in fact contain numerous images of a young black female who, based on my training and experience, appears to be under 18 years old.

b. Between on or about June 4, 2018, and on or about June 11, 2018, the user of Timmay16961030 engaged in a conversation on Twitter with MyiaaMyiaa13. During the course of this conversation, Timmay16961030 repeatedly told MyiaaMyiaa13 he sent her money via the Cash App and received images and videos from MyiaaMyiaa13, which appear to have contained child pornography.

c. For example, on or about June 11, 2018 at approximately 5:27 p.m., "Timmay16961030" asked "MyiaaMyiaa13" "Bby can u send me couple pic of you? Or you cant cuz ur moms ohine." "MyiaaMyiaa13" responded "For 250," and "I'm on my mom phone but ill show my pussy rq." At approximately 5:29 p.m., "MyiaaMyiaa13" sent "Timmay16961030" a hyperlink. In response, "Timmay16961030" wrote "Mmmm tht pussy wett."

5

       d.      On or about June 11, 2018 at approximately 7:55 p.m., "Timmay16961030" asked "MyiaaMyiaa13" "Can we text" and then later provided his number as "917-477-9201" ("Cellphone-1").

       e.      The Timmay16961030 Twitter Account is registered to the email sincity11372@yahoo.com and logged into Twitter through an IP address that geolocated to Staten Island, New York (the "Staten Island IP Address").

      13.     Based on my review of records from Square Inc. of the Cash App account registered to the email "sincity11372@yahoo.com" (the "sincity11372@yahoo.com Cash App Account), which matches the email address associated with the Twitter account "Timmay16961030," I learned the following:

       a.      The sincity11372@yahoo.com Cash App Account is registered to Timothy Martinez at 33 Bay Terrace, Apartment 31B, Staten Island, NY 10306.

       b.      The sincity11372@yahoo.com Cash App Account sent multiple payments to another Cash App Account by the name "myiaa."

      14.     Based on my review of records from Charter Communications, Inc., I learned that the Staten Island IP Address is registered to Timothy Martinez, at 33 Bay Terrace Apartment 31B, Staten Island, NY 10306.

      15.     Based on my review of AT&T records, I learned that Cellphone-1 is subscribed to Timothy Martinez, at 33 Bay Terrace, Staten Island, New York 10306, and sincity11362@yahoo.com.

      16.     Based on my review of Apple records, I learned that sincity11372@yahoo.com is associated with an iCloud account that is registered to Timothy Martinez at an address in Staten Island, New York.

17.     On or about September 12, 2019, I visited 33 Bay Terrace Apartment 31B, Staten Island, NY 10306, and at the time, the mailbox for Apartment 31B shows that it is designated to receive mail for "Martinez."

18.     Accordingly, I believe that the user of the "Timmay16961030" Twitter account is Timothy Martinez.

## B.  Probable Cause Justifying Search of ESI

19.     As described in paragraphs 12 and 13 above, and paragraphs 8, 10, and 11 of Exhibit A, Martinez requested and purchased images and videos that he believed to contain child pornography using electronic devices capable of logging into the internet and accessing Twitter and the Cash App.   Furthermore, based on the messages Martinez sent via Twitter to "MyiaaMyiaa13," Martinez viewed said images.

20.     Based on my training and experience, individuals may only access Cash App using cellphones.  Furthermore, based on my review of Square Inc. and Twitter records, Martinez was using the Cash App to make payments to "MyiaamMyiaa13" at approximately the same time as he was chatting with "MyiaaMyiaa13" on Twitter. Accordingly, there is probable cause to believe that Martinez was also using his cellphone to chat with "MyiaaMyiaa13" on Twitter.

21.     Based on my training and experience, including my interviews with suspects regarding collections of child pornography, individuals sexually attracted to underage children and/or seeking to have sexual relationships with underage children often have collections of photographs of underage children involved in sexual activities, or of sexual nature, which constitute child pornography.  These pornographic photographs are often considered trophies, and are often obtained through their encounters on the internet or social media.  Such pictures are often collected and exchanged among groups of individuals sharing similar interests.

7

22.     Based on my training and experience, I also know that, where cellphones are used in furtherance of criminal activity, evidence of the criminal activity can often be found months or even years after it occurred. This is typically true because:

- Electronic files can be stored on a hard drive for years at little or no cost and users thus have little incentive to delete data that may be useful to consult in the future.

- Even when a user does choose to delete data, the data can often be recovered months or years later with the appropriate forensic tools. When a file is "deleted" on a home computer, the data contained in the file does not actually disappear, but instead remains on the hard drive, in "slack space," until it is overwritten by new data that cannot be stored elsewhere on the computer. Similarly, files that have been viewed on the Internet are generally downloaded into a temporary Internet directory or "cache," which is only overwritten as the "cache" fills up and is replaced with more recently viewed Internet pages. Thus, the ability to retrieve from a hard drive or other electronic storage media depends less on when the file was created or viewed than on a particular user's operating system, storage capacity, and cellphone usage habits.

23.     Based on the foregoing and my training and experience, I respectfully submit that there is probable cause to believe that a search of the Subject Devices will result in evidence of the Subject Offenses.

24.     In addition to there being probable cause to believe that the Subject Devices will be found on the Subject Premises that contain evidence of the Subject Offenses, there is also probable cause to believe that the Subject Devices will constitute instrumentalities of the Subject Offenses, as they were used to access files containing child pornography and constitute contraband subject to seizure, in that the Subject Devices contain contraband child pornography.

## III.  Procedures for Search

### A.  Accessing ESI

25.     In executing the warrant to seize and search the Subject Devices, law enforcement agents intend to approach Martinez near his workplace in the Southern District of New York. Martinez is expected to be carrying the Subject Devices. The agents intend to first ask Martinez to voluntarily surrender the Subject Devices to the agents. In the event Martinez refuses, or denies

8

that he possesses any Subject Devices, it may be necessary to search Martinez's person in order to seize the Subject Devices. Accordingly, this warrant also seeks authorization to search Martinez's person for the purpose of seizing the Subject Devices.

26.     I know from my training and experience that some models of cellphones that permit their users to connect to the internet and access applications such as the Cash App and Twitter offer their users the ability to unlock the device via the use of a fingerprint or thumbprint (collectively, "fingerprint") in lieu of a numeric or alphanumeric passcode or password. I also know that some phones, such as the Apple iPhone X, offer their users the ability to unlock the device via the use of facial recognition (through infrared and visible light scans) in lieu of a numeric or alphanumeric passcode or password.

27.     In my training and experience, users of cellphones that offer the ability to unlock by fingerprint or facial recognition often enable it because it is considered to be a more convenient way to unlock the device than by entering a numeric or alphanumeric passcode or password, as well as a more secure way to protect the device's contents. If a user has enabled their cellphones to be unlocked by either fingerprint or facial recognition, he or she can unlock the device by raising the cellphone to his or her face, or tapping the screen.

28.     In some circumstances, even if the ability to unlock by fingerprint or facial recognition has been enabled, these methods may still not be used to unlock a device, and a passcode or password must be used instead. These circumstances include: (1) when the device has just been turned on or restarted; (2) when more than 48 hours has passed since the last time the device was unlocked; (3) when the passcode or password has not been entered in the last 6 days, and the device has not been unlocked via fingerprint in the last 8 hours or the device has not been unlocked via facial recognition in the last 4 hours; (4) the device has received a remote lock

9

command; or (5) five unsuccessful attempts to unlock the device via fingerprint or facial recognition are made.

29.     The passcodes or passwords that would unlock the Subject Device are not known to law enforcement. Thus, it will likely be necessary to press the fingers of the user of the Subject Devices to the device's fingerprint sensor, or hold the Subject Devices in front of the user's face to activate the facial recognition sensor, in an attempt to unlock the devices for the purpose of executing the search authorized by this warrant. Attempting to unlock the Subject Devices via fingerprint, or via facial recognition by holding the device in front of the user's face, is necessary because the government may not otherwise be able to access the data contained on those devices for the purpose of executing the search authorized by this warrant.

30.     Based on these facts and my training and experience, it is likely that because Martinez is the user of Subject Devices, his fingerprints are among those that are able to unlock the device, or his face is able to unlock the device via facial recognition.

31.     Although I do not know which of a given user's 10 fingerprints is capable of unlocking a particular device, based on my training and experience I know that it is common for a user to unlock a fingerprint-enabled cellphone via the fingerprints on thumbs or index fingers. In the event that law enforcement is unable to unlock the Subject Device as described above within the a certain number of attempts—commonly five—this will simply result in the device requiring the entry of a password or passcode before it can be unlocked.

32.     I also know from my training and experience that cellphone devices that can access the internet such as the Subject Device, typically will have a feature that allows a user to erase the contents of the device remotely. By logging into the Internet, the user or any other individual who possesses the user's account information can take steps to completely wipe the contents of the

10

device, thereby destroying evidence of criminal conduct, along with any other information on the device. The only means to prevent this action is to disable the device's ability to connect to the Internet immediately upon seizure, which requires either access to the device itself to alter the settings, or the use of specialized equipment that is not consistently available to law enforcement agents at every arrest.

33. Due to the foregoing, I request that the Court authorize law enforcement to press the fingers (including thumbs) of Martinez to the fingerprint sensor of the Subject Devices, or hold the Subject Devices in front of Martinez's face (and, if necessary, hold Martinez in place while holding the Subject Devices in front of his face), for the purpose of attempting to unlock the device via fingerprint or facial recognition in order to search the contents as authorized by this warrant.

**B. Review of ESI**

34. Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) will review the ESI contained on the Subject Device for information responsive to the warrant.

35. In conducting this review, law enforcement may use various techniques to determine which files or other ESI contain evidence or fruits of the Subject Offenses. Such techniques may include, for example:

- Surveying directories or folders and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- Conducting a file-by-file review by "opening" or reading the first few "pages" of such files in order to determine their precise contents (analogous to performing a cursory examination of each document in a file cabinet to determine its relevance);

- "Scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; and

- Performing electronic keyword searches through all electronic storage areas to determine the existence and location of search terms related to the subject matter of the investigation. However, keyword searches alone are typically inadequate to detect all information subject to seizure. For one thing, keyword searches work only for text data, yet many types of files, such as images and videos, do not store data as searchable text. Moreover, even as to text data, there may be information properly subject to seizure but that is not captured by a keyword search because the information does not contain the keywords being searched.

36.     Law enforcement personnel will make reasonable efforts to restrict their search to data falling within the categories of evidence specified in the warrant. Depending on the circumstances, however, law enforcement may need to conduct a complete review of all the ESI from the Subject Devices to evaluate its contents and to locate all data responsive to the warrant.

**C. Return of the Subject Devices**

37.     If the Government determines that the Subject Devices are no longer necessary to retrieve and preserve the data on the device, and that the Subject Devices are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(c), the Government will return the Subject Devices, upon request. Data that is encrypted or unreadable will not be returned unless law enforcement personnel have determined that the data is not (*i*) an instrumentality of the offense, (*ii*) a fruit of the criminal activity, (*iii*) contraband, (*iv*) otherwise unlawfully possessed, or (*v*) evidence of the Subject Offenses.

12

## IV. Conclusion and Ancillary Provisions

38.     Based on the foregoing, I respectfully request that the Court issue a warrant to seize

the items and information specified in Attachment A to this affidavit and to the Search and Seizure

Warrant.

39.     In light of the confidential nature of the continuing investigation, I respectfully

request that this affidavit and all papers submitted herewith be maintained under seal until the

Court orders otherwise.

JOSHUA CROFT
Special Agent
Department of Homeland Security

Sworn to before me this
19th day of September, 2019

HONORABLE GINA T. WANG
United States Magistrate Judge
Southern District of New York

13

**Attachment A**

## I. Devices Subject to Search and Seizure

The devices that are the subject of this search and seizure warrant (the "Subject Devices") are described as follows:

- Any cellular phones in the possession of Timothy Martinez

During the execution of this search warrant, law enforcement personnel are authorized to search the person of Timothy Martinez, if necessary, in order to seize the Subject Devices. Law enforcement personnel also are authorized to depress the fingerprints and/or thumbprints of Timothy Martinez onto the fingerprint sensor of the Subject Devices, or hold the Subject Devices in front of Martinez's face to activate the facial recognition sensor (and, if necessary, hold Martinez in place while holding the Subject Device in front of his face), in order to gain access to the contents of the device as authorized by this warrant.

## II. Triggering Conditions for Search of Subject Devices

At a time not exceeding 14 days from the issuance of this warrant, law enforcement agents plan to seize the Subject Devices. The seizure and search of the Subject Devices is not authorized unless the following condition occurs: Martinez and the Subject Devices are located in the Southern District of New York.

## III. Review of ESI on the Subject Devices

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained on the Subject Devices for evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(B) (receipt and distribution of child pornography), 2252A(a)(5)(B) (possession of child pornography), and 2252A(a)(1) (transportation of child pornography) (the "Subject Offenses") described as follows:

1. All files containing text, photos, or videos stored on the Subject Devices relating to the Subject Offenses;

2. Evidence concerning the user of the Subject Devices;

3. Evidence concerning the geolocation of the Subject Devices;

4. Evidence concerning the identity or location of, and communications with, co-conspirators and victims regarding the Subject Offenses;

5. Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of other computer devices or storage media containing evidence of the Subject Devices;

6.     Evidence establishing how the Subject Offenses were committed, including any and all images, Internet histories, Internet site bookmarks, search requests, temporary Internet files, cookies, newsgroups, postings to newsgroups, folder structures and names, and file names stored on seized or copied computer devices or storage media relating to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children;

7.     The contents of social media and messenger applications, including photographs, postings, and private messages relating to the Subject Offenses;

8.     Evidence of affiliations, memberships, buddy lists, profiles, chat sessions, chat services, billboards, newsgroups, and websites pertaining to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children.

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of the United States Of America for a Search and Seizure Warrant for the Premises Known and Described as 33 Bay Terrace, Apt. 31B, in Staten Island, New York and Any Closed Containers/Items Contained Therein | **TO BE FILED UNDER SEAL**<br><br>**APPLICATION FOR A SEARCH WARRANT FOR A PREMISES AND ELECTRONIC DEVICES FOUND THEREIN**<br><br>No. 19-MJ-817 |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, JOSHUA CROFT, being first duly sworn, hereby depose and state:

## I.  Introduction and Agent Background

### A.  Affiant

1.      I make this Affidavit in support of an application pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises specified below (the "Subject Premises"), further described in Attachment A, Section I, for, and to seize, the items and information described in Attachment A, Section II.

2.      I have been a Special Agent with the United States Department of Homeland Security Homeland Security Investigations ("HSI") since December 2016.  I am currently assigned to the Child Exploitation Investigations Unit, as a part of which I have investigated violations of criminal law relating to the sexual exploitation of children.  I have gained expertise in this area through training and daily work related to conducting this type of investigation.  As a result of my training and experience in these types of investigations, I am familiar with the techniques and methods of determining whether a child is a minor, the techniques and methods used by individuals

2

to participate in such criminal activity, and the way in which they seek to conceal their activities from detection by law enforcement authorities. Through my participation in these types of investigations, I have also executed numerous search warrant, including of electronic devices.

3. This affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training, experience and advice received concerning the use of computers in criminal activity and the forensic analysis of electronically stored information ("ESI"). Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**B. The Subject Premises**

4. The Subject Premises are particularly described as the last apartment on left side of the second floor of a two-story building complex located on Bay Terrace near S. Railroad Avenue in Staten Island, New York. The entrance to the building is a glass door with a placard stating "33 Bay Terrace" on the right wall adjacent to the door. The entrance to the Subject Premises is a brown door with a silver sign containing the words "31B" above the knocker.

 Façade of the building complex

3



Entrance to the building.



Entrance to the Subject Premises

4

## C. The Subject Offenses

5.   · For the reasons detailed below, I believe that there is probable cause to believe that the Subject Premises contain evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(B) (receipt and distribution of child pornography), 2252A(a)(5)(B) (possession of child pornography), and (transportation of child pornography) (the "Subject Offenses ").

## D. Terminology

6.     An "Internet Protocol address" or "IP address" is a set of numbers which uniquely identify a specific computer on the Internet.  IP addresses follow the format of ###.###.###.###, wherein each of the number is between 0 and 255.  Computers use IP addresses to identify each other on the Internet.  For example, because a computer accessing a website must be connected to the Internet, that computer is identifiable by its IP address.  Thus, investigators are able to determine the IP address of any computer using that particular website's services by issuing a subpoena to the owner of the website.  Then, investigators can search a public database complied by the American Registry of Internet Numbers to determine the Internet Service Providers ("ISP") that has been assigned to the specific IP address.

7.     "Twitter" is a free-access social-networking website of the same name that can be accessed at http://www.twitter.com.  Twitter allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and location information.  Twitter also permits users create and read 140-character messages called "Tweets," and to restrict their "Tweets" to individuals whom they approve.

8.     The "Cash App" is a mobile payment service that allows users to transfer money to one another using a mobile phone application.

5

## II. Probable Cause

### A. Probable Cause Regarding Subjects' Commission of the Subject Offenses

9.     Based on my review of Twitter records, obtained pursuant to a search warrant, related to the account, "MyiaaMyiaa13," I learned the following:

    a.   The account was active between approximately May 30, 2018 and June 18, 2018.

    b.   The account user represented that she was a fourteen-year old girl, who was willing to sell nude images and sexually explicit videos, presumably of herself.

    c.   The account contained numerous images of a young black female who, based on my training and experience, appears to be under 18 years old.

    d.   The account user engaged in conversations with other Twitter account users to sell nude images and sexually explicit videos.

    e.   Specifically, the account engaged in a lengthy, multi-day conversation with a Twitter account under the username "Timmay16961030," who appears to have sent "MyiaaMyiaa13" money in exchange for videos and images containing child pornography.

10.     Based on my review of Twitter records, obtained pursuant to a search warrant, related to the account "Timmay16961030," I learned that the user engaged in conversation with "MyiaaMyiaa13" while logged in from a device with an IP address in Staten Island, New York, (the "Staten Island IP Address") and from another device with an IP address in New York, New York. I also learned that the Twitter account "Timmay16961030" was registered to a person with an email address at "sincity11372@yahoo.com."

11.     Based on my review of conversations between "MyiaaMyiaa13" and "Timmay16961030," provided by Twitter pursuant to a search warrant, I learned the following:

6

a.  On or about June 4, 2018, at approximately 8:29 a.m., a user with the Twitter handle "Timmay16961030" initiated a conversation with the user with the Twitter handle "MyiaaMyiaa13," whose profile represented that she was 14 and "underage."

b.  "MyiaaMyiaa13" responded with a pricelist for different types of videos, including "Fingering vids $30\nSex vids $60\nCamshow $70\nDancing in panties $35\nDancing naked $40\n2 vids everyday for 2 weeks $100."

c.  At approximately 11:21 a.m., "Timmay16961030" stated that he had sent her $60 via the Cash App for a "sex vid."

d.  On or about June 4, 2018, at approximately 11:29 a.m., "MyiaaMyiaa13" sent "Timmay16961030" a hyperlink, which appeared to have contained the requested video. In response, "Timmay16961030" stated, "Oh shit... mmmm stop playing," "Mmmmmm damn yummy to bad u werent in nyc," and "Im getting hard princess."

e.  On or about June 4, 2018, at approximately 11:58 a.m., "Timmay16961030" sent a message to "MyiaaMyiaa13," stating that he sent another $100. At approximately 12:21 p.m., "MyiaaMyiaa13" sent another link. In response, "Timmay16961030" stated, "Damn why cant you be close lol...make pur own vid lol."

f.  On or about June 4, 2018 at approximately 12:32 p.m., "Timmay16961030" sent a message to "MyiaaMyiaa13," stating that he sent another $30 for another video.

g.  On or about June 11, 2018 at approximately 5:27 p.m., "Timmay16961030" asked "MyiaaMyiaa13" "Bby can u send me couple pic of you? Or you cant cuz ur moms ohine." "MyiaaMyiaa13" responded "For 250," and "I'm on my mom phone but ill show my pussy rq." At approximately 5:29 p.m., "MyiaaMyiaa13" sent

7

"Timmay16961030" a hyperlink.   In response, "Timmay16961030" wrote "Mmmm tht pussy wett."

   h.  On or about June 11, 2018, at approximately 5:48 p.m., "Timmay16961030" messaged "MyiaaMyiaa13," "I was bout send the 50 if I got more.." "MyiaaMyiaa13" then sent "Timmay16961030" two hyperlinks.   In response, "Timmay16961030" commented "That pussy looks so tight."

12.    Based on my review of records from Cash App of an account registered to the email "sincity11372@yahoo.com" (the "sincity11372@yahoo.com Cash App Account), which matches the email address associated with the Twitter account "Timmay16961030," I learned the account made the following transactions:

   a.  On June 4, 2018, at approximately 11:20 a.m., the account sent $60 to another Cash App account by the name "myiaa."

   b.  On June 4, 2018, at approximately 11:58 a.m., the same account sent another $100 to "myiaa."

   c.  On June 4, 2018, at approximately 12:32 p.m., the same account sent another $30 to "myiaa."

**B.   Probable Cause Justifying Search of the Subject Premises**

13.    Based on my review of Apple records produced in May 2019, sincity11362@yahoo.com is associated with an iCloud account that is registered to Timothy Martinez at an address in Staten Island, New York.

14.    Based on my review of Cash App records produced as recently as June 2019, the sincity11372@yahoo.com Cash App account is registered to Timothy Martinez at 33 Bay Terrace, Apartment 31B, Staten Island, NY 10306, the Subject Premises.

15.   Based on my review of records from Charter Communications, Inc., I learned that the Staten Island IP Address is registered to Timothy Martinez, at 33 Bay Terrace Apartment 31B, Staten Island, NY 10306, the Subject Premises.

16.   On September 12, 2019, I visited the Subject Premises. At that time, the mailbox for Apartment 31B, pictured below, shows that it is designated to receive mail for "Martinez."



17.   Accordingly, I believe that the user of the "Timmay16961030" Twitter account is Timothy Martinez, who resides at the Subject Premises.

18.   As described in paragraphs 8, 10, and 11 above, Martinez requested and purchased images and videos that he believed to contain child pornography using electronic devices capable of logging into the internet and accessing Twitter and the Cash App. Furthermore, based on the messages Martinez sent via Twitter to "MyiaaMyiaa13," Martinez viewed said images.

9

19.     Based on my training and experience, including my interviews with suspects regarding collections of child pornography, individuals sexually attracted to underage children and/or seeking to have sexual relationships with underage children often have collections of photographs of underage children involved in sexual activities, or of sexual nature, which constitute child pornography.  These pornographic photographs are often considered trophies, and are often obtained through their encounters on the internet or social media.  Such pictures are often collected and exchanged among groups of individuals sharing similar interests.

20.     Based on my training and experience, individuals often use the following methods to obtain, store, and trade in child pornography:

a.     People who collect and trade in child pornography typically do not destroy or delete image or video files depicting child sexual abuse.

b.     Collectors of child pornography typically retain their materials and related information for many years.  These individuals retain their material indefinitely for the purpose of sexual gratification and sharing with others.

c.     Individuals in possession of files containing child pornography or depicting sexual abuse of children are likely to save and maintain these files on their computer or other portable storage devices so they are accessible to them in their home.

d.     Because of the illegality and the severe social stigma child pornography images carry, these individuals hide them in secure places, such as hidden files on the hard drive of the computer, external storage media or cloud storage.

e.     Files, including files containing child pornography are maintained indefinitely on a computer.

10

> f.  If files were deleted from a computer, they can frequently be recovered during a forensic examination.

## C.  Probable Cause Justifying Search of ESI

21.  Based on my training and experience, I know that individuals who engage in the receipt, possession, and/or distribution of child pornography commonly use computers to access child pornography web sites, communicate with other collectors of child pornography, and download and share child pornography digital files.  As a result, they often store data on their computers related to their illegal activity.

22.  Based on the foregoing and my training and experience, I respectfully submit that there is probable cause to believe that a search of computers and other electronic devices within the Subject Premises will result in evidence of the Subject Offenses.

23.  Based on my training and experience, I also know that, where computers are used in furtherance of criminal activity, evidence of the criminal activity can often be found months or even years after it occurred.  This is typically true because:

- Electronic files can be stored on a hard drive for years at little or no cost and users thus have little incentive to delete data that may be useful to consult in the future.

- Even when a user does choose to delete data, the data can often be recovered months or years later with the appropriate forensic tools. When a file is "deleted" on a home computer, the data contained in the file does not actually disappear, but instead remains on the hard drive, in "slack space," until it is overwritten by new data that cannot be stored elsewhere on the computer. Similarly, files that have been viewed on the Internet are generally downloaded into a temporary Internet directory or "cache," which is only overwritten as the "cache" fills up and is replaced with more recently viewed Internet pages. Thus, the ability to retrieve from a hard drive or other electronic storage media depends less on when the file was created or viewed than on a particular user's operating        system,        storage        capacity,        and        computer        habits.

- In the event that a user changes computers, the user will typically transfer files from the old computer to the new computer, so as not to lose data.  In addition, users often keep backups of their data on electronic storage media such as thumb drives, flash memory cards, CD-ROMs, or portable hard drives.

11

24.     In addition to there being probable cause to believe that computer devices will be found on the Subject Premises that contain evidence of the Subject Offenses, there is also probable cause to believe that these computers constitute instrumentalities of the Subject Offenses, as they were used to access files containing child pornography and constitute contraband subject to seizure, in that the computers contain contraband child pornography.

25.     Based on the foregoing, I respectfully submit there is probable cause to believe that the Target Subject is engaged in possession and receipt of child pornography, and that evidence of this criminal activity is likely to be found in the Subject Premises and on computers and electronic media found in the Subject Premises.

## III.  Procedures for Searching ESI

### A.  Execution of Warrant for ESI

26.     Federal Rule of Criminal Procedure 41(e)(2)(B) provides that a warrant to search for and seize property "may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information . . . for later review." Consistent with Rule 41, this application requests authorization to seize any computer devices and storage media and transport them to an appropriate law enforcement facility for review. This is typically necessary for a number of reasons:

- First, the volume of data on computer devices and storage media is often impractical for law enforcement personnel to review in its entirety at the search location.

- Second, because computer data is particularly vulnerable to inadvertent or intentional modification or destruction, computer devices are ideally examined in a controlled environment, such as a law enforcement laboratory, where trained personnel, using specialized software, can make a forensic copy of the storage media that can be subsequently reviewed in a manner that does not change the underlying data.

- Third, there are so many types of computer hardware and software in use today that it can be impossible to bring to the search site all of the necessary technical manuals and

12

specialized personnel and equipment potentially required to safely access the underlying computer data.

- Fourth, many factors can complicate and prolong recovery of data from a computer device, including the increasingly common use of passwords, encryption, or other features or configurations designed to protect or conceal data on the computer, which often take considerable time and resources for forensic personnel to detect and resolve.

## B. Review of ESI

27.     Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) will review the ESI contained therein for information responsive to the warrant.

28.     In conducting this review, law enforcement personnel may use various techniques to determine which files or other ESI contain evidence or fruits of the Subject Offenses. Such techniques may include, for example:

- surveying directories or folders and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- conducting a file-by-file review by "opening" or reading the first few "pages" of such files in order to determine their precise contents (analogous to performing a cursory examination of each document in a file cabinet to determine its relevance);

- "scanning" storage areas to discover and possibly recover recently deleted data or deliberately hidden files; and

- performing electronic keyword searches through all electronic storage areas to determine the existence and location of data potentially related to the subject matter of the investigation[1]; and

---

[1] Keyword searches alone are typically inadequate to detect all relevant data. For one thing, keyword searches work only for text data, yet many types of files, such as images and videos, do not store data as searchable text. Moreover, even as to text data, there may be information properly

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

29.     Law enforcement personnel will make reasonable efforts to restrict their search to data falling within the categories of evidence specified in the warrant.  Depending on the circumstances, however, law enforcement personnel may need to conduct a complete review of all the ESI from seized devices or storage media to evaluate its contents and to locate all data responsive to the warrant.

### C.  Return of ESI

30.     If the Government determines that the electronic devices are no longer necessary to retrieve and preserve the data, and the devices themselves are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(c), the Government will return these items, upon request. Computer data that is encrypted or unreadable will not be returned unless law enforcement personnel have determined that the data is not (i) an instrumentality of the offense, (ii) a fruit of the criminal activity, (iii) contraband, (iv) otherwise unlawfully possessed, or (v) evidence of the Subject Offenses.

### IV.  Conclusion and Ancillary Provisions

31.     Based on the foregoing, I respectfully submit that this affidavit supports probably cause for a warrant to search the Subject Premises identified in Attachment A, Section I, and seize the items and information specified in Attachment A, Section II.

32.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant.  I believe that sealing this document is necessary because the items and information

---

subject to seizure but that is not captured by a keyword search because the information does not contain the keywords being searched.

to be seized are relevant to an ongoing investigation.  Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the Internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums.  Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

JOSHUA CROFT
Special Agent
Department of Homeland Security

Sworn to before me on
September 13, 2019

HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

15

## ATTACHMENT A

### I. Premises to be Searched—Subject Premises

The premises to be searched (the "Subject Premises") are described as follows, and include all locked and closed containers found therein:

The Subject Premises are particularly described as the last apartment on left side of the second floor of a two-story building complex located on Bay Terrace near S. Railroad Avenue in Staten Island, New York. The entrance to the building is a glass door with a placard stating "33 Bay Terrace" on the right wall adjacent to the door. The entrance to the Subject Premises is a brown door with a silver sign containing the words "31B" above the knocker.



Façade of the building complex

2017.08.02



Entrance to the building.



Entrance to the Subject Premises

2

## II.  Items to Be Seized

### A.  Evidence, Fruits, and Instrumentalities of the Subject Offenses

The items to be seized from the Subject Premises include the following evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(B) (receipt and distribution of child pornography), 2252A(a)(5)(B) (possession of child pornography), and 2252A(a)(1) (transportation of child pornography)  (the "Subject Offenses") described as follows:

1.       Any and all video or photograph storage devices, video or photography equipment, or other equipment that aids in the production of child pornography, including, but not limited to, VCRs, DVDs, and videotapes, and their components and accessories, including, but not limited to, wires and cords.

2.       Evidence concerning occupancy or ownership of the Subject Premises, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books and telephone directories.

3.       Evidence concerning the identity or location of, and communications with, co-conspirators regarding the Subject Offenses.

4.       Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

5.       Evidence establishing how the Subject Offenses were committed, including any and all images, Internet histories, Internet site bookmarks, search requests, temporary Internet files, cookies, newsgroups, postings to newsgroups, folder structures and names, and file names stored on seized or copied computer devices or storage media relating to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children

6.       Evidence of affiliations, memberships, buddy lists, profiles, chat sessions, chat services, billboards, newsgroups, and websites pertaining to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children.

### B.  Search and Seizure of Electronically Stored Information

The items to be seized from the Subject Premises also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in Section II.A of this Attachment above, including, but not limited to, desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners.  In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

3

The items to be seized from the Subject Premises also include:

1.     Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys to containers, devices and interior rooms, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2.     Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3.     Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

4.     Any and all video or photograph storage devices, video or photography equipment, or other equipment that aids in the production of child pornography, including, but not limited to, VCRs, DVDs, and videotapes, and their components and accessories, including, but not limited to, wires and cords.

## C.  Review of ESI

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

4

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Sections II.A and II.B of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>THE PREMISES KNOWN AND DESCRIBED AS:<br>33 Bay Terrace, Apt. 31B, in Staten Island, New York and Any<br>Closed Containers/Items Contained Therein | )<br>)<br>)  Case No.   19-MJ-817<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____New York_____ *(identify the person or describe the property to be searched and give its location)*:

THE PREMISES KNOWN AND DESCRIBED AS 33 BAY TERRACE, Apt. 31B, IN STATEN ISLAND, NEW YORK AND ANY CLOSED CONTAINERS/ITEMS CONTAINED THEIRIN, AS SET FORTH IN ATTACHMENT A, SECTION I.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

EVIDENCE, FRUITS and INSTRUMENTALITIES OF VIOLATIONS OF TITLE 18, U.S.C. §§ 2252A(a)(2)(B), 2252A(a)(5)(B) AND 2252A(a)(1), AS SET FORTH IN ATTACHMENT A, SECTION II.

**YOU ARE COMMANDED** to execute this warrant on or before _____September 27, 2019_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____the Duty Magistrate Judge_____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  30  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: ___9/13/19 @ 4:36 p.m.___     _____
                                                                                    *Judge's signature*

City and state:     ___Brooklyn, New York___     ___Hon. Lois Bloom___     ___U.S.M.J.___
                                                                                    *Printed name and title*

(omit)

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>  19-MJ-817 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____          _____
                                                         *Executing officer's signature*

                                                    _____
                                                         *Printed name and title*

ATTACHMENT A

I. **Premises to be Searched—Subject Premises**

The premises to be searched (the "Subject Premises") are described as follows, and include all locked and closed containers found therein:

The Subject Premises are particularly described as the last apartment on left side of the second floor of a two-story building complex located on Bay Terrace near S. Railroad Avenue in Staten Island, New York. The entrance to the building is a glass door with a placard stating "33 Bay Terrace" on the right wall adjacent to the door. The entrance to the Subject Premises is a brown door with a silver sign containing the words "31B" above the knocker.



Façade of the building complex

2017.08.02



Entrance to the building.



Entrance to the Subject Premises

## II. Items to Be Seized

### A. Evidence, Fruits, and Instrumentalities of the Subject Offenses

The items to be seized from the Subject Premises include the following evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(B) (receipt and distribution of child pornography), 2252A(a)(5)(B) (possession of child pornography), and 2252A(a)(1) (transportation of child pornography)  (the "Subject Offenses") described as follows:

1.      Any and all video or photograph storage devices, video or photography equipment, or other equipment that aids in the production of child pornography, including, but not limited to, VCRs, DVDs, and videotapes, and their components and accessories, including, but not limited to, wires and cords.

2.      Evidence concerning occupancy or ownership of the Subject Premises, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books and telephone directories.

3.      Evidence concerning the identity or location of, and communications with, co-conspirators regarding the Subject Offenses.

4.      Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

5.      Evidence establishing how the Subject Offenses were committed, including any and all images, Internet histories, Internet site bookmarks, search requests, temporary Internet files, cookies, newsgroups, postings to newsgroups, folder structures and names, and file names stored on seized or copied computer devices or storage media relating to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children

6.      Evidence of affiliations, memberships, buddy lists, profiles, chat sessions, chat services, billboards, newsgroups, and websites pertaining to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children.

### B. Search and Seizure of Electronically Stored Information

The items to be seized from the Subject Premises also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in Section II.A of this Attachment above, including, but not limited to, desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners. In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be seized from the Subject Premises also include:

1.      Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys to containers, devices and interior rooms, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2.      Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3.      Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

4.      Any and all video or photograph storage devices, video or photography equipment, or other equipment that aids in the production of child pornography, including, but not limited to, VCRs, DVDs, and videotapes, and their components and accessories, including, but not limited to, wires and cords.

## C.  Review of ESI

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

4

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Sections II.A and II.B of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

## Attachment A

### I.  Devices Subject to Search and Seizure

The devices that are the subject of this search and seizure warrant (the "Subject Devices") are described as follows:

- Any cellular phones in the possession of Timothy Martinez

During the execution of this search warrant, law enforcement personnel are authorized to search the person of Timothy Martinez, if necessary, in order to seize the Subject Devices.  Law enforcement personnel also are authorized to depress the fingerprints and/or thumbprints of Timothy Martinez onto the fingerprint sensor of the Subject Devices, or hold the Subject Devices in front of Martinez's face to activate the facial recognition sensor (and, if necessary, hold Martinez in place while holding the Subject Device in front of his face), in order to gain access to the contents of the device as authorized by this warrant.

### II.  Triggering Conditions for Search of Subject Devices

At a time not exceeding 14 days from the issuance of this warrant, law enforcement agents plan to seize the Subject Devices. The seizure and search of the Subject Devices is not authorized unless the following condition occurs: Martinez and the Subject Devices are located in the Eastern District of New York.

### III.  Review of ESI on the Subject Devices

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained on the Subject Devices for evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(B) (receipt and distribution of child pornography), 2252A(a)(5)(B) (possession of child pornography), and 2252A(a)(1) (transportation of child pornography)  (the "Subject Offenses") described as follows:

1.     All files containing text, photos, or videos stored on the Subject Devices relating to the Subject Offenses;

2.     Evidence concerning the user of the Subject Devices;

3.     Evidence concerning the geolocation of the Subject Devices;

4.     Evidence concerning the identity or location of, and communications with, co-conspirators and victims regarding the Subject Offenses;

5.     Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of other computer devices or storage media containing evidence of the Subject Devices;

6.  Evidence establishing how the Subject Offenses were committed, including any and all images, Internet histories, Internet site bookmarks, search requests, temporary Internet files, cookies, newsgroups, postings to newsgroups, folder structures and names, and file names stored on seized or copied computer devices or storage media relating to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children;

7.  The contents of social media and messenger applications, including photographs, postings, and private messages relating to the Subject Offenses;

8.  Evidence of affiliations, memberships, buddy lists, profiles, chat sessions, chat services, billboards, newsgroups, and websites pertaining to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children.

# EXHIBIT B

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.   19 MJ 846 |
| TIMOTHY MARTINEZ AND THE SEIZURE AND SEARCH | ) | |
| OF ANY CELLULAR PHONES USED BY TIMOTHY | ) | |
| MARTINEZ | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A (I)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT A (III)

**YOU ARE COMMANDED** to execute this warrant on or before ____10/7/19--DAYTIME ONLY____ *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.      ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____the Duty Magistrate Judge_____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☑ for __30__ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     ____9/23/19 at  7:19 p.m.____      *Robert Levy*

*Judge's signature*

City and state:     ____Brooklyn, New York____      Hon. Robert M. Levy         U.S.M.J.

*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>    19 MJ 846 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____

*Executing officer's signature*

_____

*Printed name and title*

**Attachment A**

## I. Devices Subject to Search and Seizure

The devices that are the subject of this search and seizure warrant (the "Subject Devices") are described as follows:

- Any cellular phones in the possession of Timothy Martinez

During the execution of this search warrant, law enforcement personnel are authorized to search the person of Timothy Martinez, if necessary, in order to seize the Subject Devices. Law enforcement personnel also are authorized to depress the fingerprints and/or thumbprints of Timothy Martinez onto the fingerprint sensor of the Subject Devices, or hold the Subject Devices in front of Martinez's face to activate the facial recognition sensor (and, if necessary, hold Martinez in place while holding the Subject Device in front of his face), in order to gain access to the contents of the device as authorized by this warrant.

## II. Triggering Conditions for Search of Subject Devices

At a time not exceeding 14 days from the issuance of this warrant, law enforcement agents plan to seize the Subject Devices. The seizure and search of the Subject Devices is not authorized unless the following condition occurs: Martinez and the Subject Devices are located in the Eastern District of New York.

## III. Review of ESI on the Subject Devices

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained on the Subject Devices for evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(B) (receipt and distribution of child pornography), 2252A(a)(5)(B) (possession of child pornography), and 2252A(a)(1) (transportation of child pornography) (the "Subject Offenses") described as follows:

1. All files containing text, photos, or videos stored on the Subject Devices relating to the Subject Offenses;

2. Evidence concerning the user of the Subject Devices;

3. Evidence concerning the geolocation of the Subject Devices;

4. Evidence concerning the identity or location of, and communications with, co-conspirators and victims regarding the Subject Offenses;

5. Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of other computer devices or storage media containing evidence of the Subject Devices;

6.      Evidence establishing how the Subject Offenses were committed, including any and all images, Internet histories, Internet site bookmarks, search requests, temporary Internet files, cookies, newsgroups, postings to newsgroups, folder structures and names, and file names stored on seized or copied computer devices or storage media relating to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children;

7.      The contents of social media and messenger applications, including photographs, postings, and private messages relating to the Subject Offenses;

8.      Evidence of affiliations, memberships, buddy lists, profiles, chat sessions, chat services, billboards, newsgroups, and websites pertaining to child pornography, minors engaged in sexually explicit conduct, relating to disseminating indecent materials to minors, or demonstrating a sexual interest in children.

AB:GK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF TIMOTHY MARTINEZ AND SEIZURE AND SEARCH OF ANY CELLULAR PHONES USED BY TIMOTHY MARTINEZ | **To be filed under seal**<br><br>APPLICATION FOR A SEARCH WARRANT FOR AN ELECTRONIC DEVICE<br><br>Case No. 19 MJ 846 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, JOSHUA CROFT, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I have been a Special Agent with the United States Department of Homeland Security Homeland Security Investigations ("HSI") since December 2016. I am currently assigned to the Child Exploitation Investigations Unit, as a part of which I have investigated violations of criminal law relating to the sexual exploitation of children. I have gained expertise in this area through training and daily work related to conducting this type of investigation. As a result of my training and experience in these types of investigations, I am familiar with the techniques and methods of determining whether a child is a minor, the techniques and methods used by individuals to participate in such criminal activity, and the way in which they seek to conceal their activities from detection by law enforcement authorities. Through my participation in these types of investigations, I have also executed numerous search warrant, including of electronic devices.

2.      I make this Affidavit in support of an application pursuant to Rule 41 of the

Federal Rules of Criminal Procedure for a warrant to search the person of Timothy Martinez

and to seize and search any cellular phones in his possession (the "Subject Devices") for the

items and information described in Attachment A. This affidavit is based upon my personal

knowledge; my review of documents and other evidence; my conversations with other law

enforcement personnel; and my training, experience, and advice received concerning the use

of electronic devices in criminal activity and the forensic analysis of electronically stored

information ("ESI").  Because this affidavit is being submitted for the limited purpose of

establishing probable cause, it does not include all the facts that I have learned during the

course of my investigation. Where the contents of documents and the actions, statements, and

conversations of others are reported herein, they are reported in substance and in part, except

where otherwise indicated.

## IDENTIFICATION OF THE TARGET SUBJECT AND SUBJECT DEVICES

3.      Timothy Martinez is a Target Subject of this investigation. As set forth below,

there is probable cause to believe that Martinez has received and distributed child

pornography, transported child pornography, and possessed child pornography.

4.      As set forth below, based on Martinez's activities, Martinez has likely used at

least one cellphone to send and receive, transport, and possess child pornography.  The

Subject Devices constitute any cellular phones possessed by Martinez.

5.      The applied-for warrant would authorize forensic examination of the Subject

Devices described in Attachment A(I)—and the search the search of the person Timothy

2

Martinez to identify and seize the Subject Devices, if necessary—for the purpose of identifying electronically stored data particularly described in Attachment A(III).

## PROBABLE CAUSE

6.      On or about September 19, 2019, the Honorable Ona T. Wang, United States Magistrate Judge, Southern District of New York, signed a warrant authorizing the search of Timothy Martinez and seizure and search of any cellular phones used by Timonthy Martinez (the "First Search Warrant"), attached hereto as Exhibit A.  (19 Mag 8856).  The contents of the warrant and affidavit in support thereof are hereby incorporated herein.

7.      In support of the First Search Warrant, I stated that based on my involvement in this investigation, I understood that Martinez, an employee of the New York City Police Department, works in the Southern District of New York. I further stated that I expected that the warrant would be executed during a weekday morning, at which time Martinez would be in the Southern District of New York. Accordingly, I requested authorization to seize and search the Subject Devices upon the occurrence of a triggering condition described in Attachment A to the First Search Warrant: namely, Martinez's and the Subject Devices' presence in the Southern District of New York.

8.      Following the execution of the First Search Warrant, I have since learned that Martinez is on military leave status from the NYPD and is attending an annual drill for the U.S. Army Reserves at the U.S. Army Reserve Center at 200 route 25A, Shoreham, New York.  Therefore, there is probable cause to believe that Martinez and the Subject Devices are actually located within the Eastern District of New York.  Accordingly, I respectfully

3

request permission to search and seize the Subject Devices located within the Eastern District of New York.

## CONCLUSION

9.      I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Subject Devices described in Attachment A(I) following the occurrence of the Triggering Conditions set out in Attachment A(II), and to seek the items described in Attachment A(III).  The search will be conducted in the manner set forth in Exhibit A.

## REQUEST FOR SEALING

10.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant.  I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation, the full extent of which is currently unknown to the target of the investigation.  Based upon my training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums.  Premature disclosure of the contents of

4

this affidavit and related documents may have a significant and negative impact on the

continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

JOSHUA E. CROFT
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
on September 23, 2019:

THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5